UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
DEC 16 2015
Deputy Clerk, U.S. District Court
Middle District of Louisiana
Baton Rouge, La.

**INDICTMENT FOR THEFT OF FEDERAL FUNDS, MAKING A FALSE STATEMENT TO A FEDERAL AGENT, AND FORFEITURE ALLEGATION**

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 15-177-JWD-SCR |
| | : |
| *versus* | : 18 U.S.C. § 641 |
| | : 18 U.S.C. § 1001(a)(2) |
| BRIDGET HYMES WESLEY | : 18 U.S.C. § 981(a)(1)(C) |
| | : 28 U.S.C. § 2461(c) |

**THE GRAND JURY CHARGES:**

**COUNT ONE**

Beginning on or about July 8, 2006, and continuing to on or about August 1, 2014, in the Middle District of Louisiana, **BRIDGET HYMES WESLEY**, the defendant herein, without authority, knowingly did steal and purloin money of the Social Security Administration, an agency of the United States, namely, approximately $62,391.00 worth of Disability Insurance Benefit payments made to her to which she knew she was not entitled, having a value of more than $1,000.

The above is a violation of Title 18, United States Code, Section 641.

**COUNT TWO**

On or about November 18, 2015, in the Middle District of Louisiana, **BRIDGET HYMES WESLEY**, defendant herein, knowingly and willfully did make materially false statements and representations in a matter within the jurisdiction of the Office of the Inspector General for the Social Security Administration (hereinafter referred to as the

"OIG/SSA"), an agency of the executive branch of the United States Government responsible for enforcing the laws of the United States, in that **BRIDGET HYMES WESLEY** falsely told OIG/SSA Special Agent Dirk Bergeron that she had not been living as a married couple with another individual since in or about August of 2006, when in truth and fact, as **BRIDGET HYMES WESLEY** then and there well knew, that she was then married to another individual and they were living together as a married couple at XXXX Stoneview Avenue, Baker, Louisiana.

The above is a violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATION

Upon conviction of the offense charged in Count One of this Indictment, the defendant herein, **BRIDGET HYMES WESLEY**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real and personal, that constitutes or is derived from proceeds traceable to the violation.

If any of the above described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

UNITED STATES OF AMERICA, by

*/s/ J. Walter Green*

J. WALTER GREEN
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

*/s/ Frederick A. Menner, Jr.*

FREDERICK A. MENNER, JR.
ASSISTANT U.S. ATTORNEY

A TRUE BILL

**REDACTED
PER PRIVACY ACT**

GRAND JURY FOREPERSON

December 16, 2015
DATE